1  Christopher C. Saldaña, Esq. (SBN 269456)
   chris@shewrysaldanalaw.com
2  Carolyn A. Stiffler, Esq. (SBN 297861)
   carolyn@shewrysaldanalaw.com
3  **SHEWRY & SALDANA, LLP**
   402 West Broadway, Suite 950
4  San Diego, California 92101
   Telephone:   (619) 233-8824
5  Facsimile:    (619) 233-1002

6  Ryan Conger, Esq. (SBN 248390)
   ryan@congerlawfirm.com
7  **CONGER LAW**
   402 W Broadway, Suite 950
8  San Diego, California 92101
   Telephone: (619) 569-1919
9  Facsimile: (619) 569-1976

10  Attorneys for PlaintiffS

11

12              **UNITED STATES DISTRICT COURT**

13            **SOUTHERN DISTRICT OF CALIFORNIA**

14  MARCUS ALFARO, an individual;    ) Case No.:  '17 CV 0046 H    KSC
15  DERRIN AUSTIN, an individual; and )
    PIPER DENLINGER, an individual,   )
16                                    ) **COMPLAINT FOR VIOLATIONS**
                                      ) **OF THE FEDERAL FAIR LABOR**
17              Plaintiffs,           ) **STANDARDS ACT**
18  v.                                )
                                      ) **DEMAND FOR JURY TRIAL**
19  CITY OF SAN DIEGO, a California   )
20  Municipal Corporation; and BRIAN )
    FENNESSY, individually and in his )
21  official capacity as Chief of the SAN )
    DIEGO FIRE-RESCUE              )
22  DEPARTMENT,                       )
                                      )
23                                    )
                                      )
24              Defendants.           )

25      Plaintiffs, MARCUS ALFARO ("ALFARO"), DERRIN AUSTIN
26  ("AUSTIN"), AND PIPER DENLINGER ("DENLINGER") (collectively
27  "Plaintiffs"), on behalf of themselves and demanding a trial by jury, bring this
28  action for illegally and willfully withholding overtime pay due and owing to

---

                              **COMPLAINT**

Plaintiffs, all of whom are individuals employed by the SAN DIEGO FIRE-RESCUE DEPARTMENT ("SDFD"), a Department within Defendant CITY OF SAN DIEGO. The Plaintiffs likewise complain that they were each stripped of their positions as Emergency Radio Operators with the SDFD, in retaliation for their protest of the Defendants' illegal and willful refusal to pay to them overtime due and owing. Plaintiffs by way of this Complaint against Defendants, say:

## I. PARTIES

1.     The Plaintiffs are each natural persons who are employed by the SDFD.

2.     At all times relevant to this complaint, Plaintiffs were each citizens of, and resided within, the County of San Diego, California.

3.     At all times relevant to this complaint the CITY OF SAN DIEGO was a California Municipal Corporation operating as a California Charter City pursuant to the laws of the State of California.

4.     Defendant BRIAN FENNESSY was appointed and confirmed in early September 2015 as the Fire Chief of the SDFD. The Fire Chief has the ultimate decision-making authority over SDFD personnel and SDFD personnel matters. Prior to his appointment as Fire Chief, Defendant FENNESSY was an Assistant Fire Chief within the SDFD, an executive position with important decision-making authority and input over personnel and personnel matters.

5.     There may be as yet unknown individuals or entities whose conduct has contributed to the claims alleged herein, but whose capacities are yet unknown to Plaintiffs. Plaintiffs will amend this complaint by inserting the true names and capacities of these defendants once they are ascertained.

6.     The unknown natural persons and/or corporate entities referred to in the paragraph above reside or are located within the United States and personally created, instituted and, with knowledge that such practices were contrary to law,

acted consistent with and oversaw policies and procedures that are the subject of this complaint. Those individuals or corporate entities personally control the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

## II.  JURISDICTION & VENUE

7.    Plaintiffs claims arise under § 216(b) of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., ("FLSA"), jurisdiction of this Court arises under 28 U.S.C. § 1331.

8.    Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because each of the Defendants is subject to personal jurisdiction in the Southern District of California at the time this action is commenced.

## III.  PRELIMINARY STATEMENT

9.    Plaintiffs, on their respective individual behalves, make claims for relief for the willful failure of the Defendants, and each of them, to pay overtime wages due and owing and for retaliatory reassignment resulting in loss of wages and changed working conditions.

10.    The FLSA is an employment-related statute that seeks to regulate the working hours and conditions of American employees based upon Congress's finding that the "…maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers" is a necessary prerequisite to a healthy functioning economy.

## IV.    FACTS CONCERNING THE PLAINTIFFS' CLAIMS

11.    Plaintiffs are each Fire Captains within the SDFD who, during the relevant time frame held the position of Emergency Radio Operators ("ERO") within the Department.  EROs take emergency calls for service and dispatch emergency calls and send a dispatch message to the fire station and any specific

vehicles to be dispatched. While acting as EROs, the Plaintiffs did not at any time actually engage in fire suppression activities such as responding on scene to fires for the purpose of suppressing those fires.

12. During their shifts, EROs are not required to have any fire protective gear with them, nor are they required to handle firefighting equipment. They do not go into the field to physically engage in fire or rescue operations.

13. During their shifts, EROs are required to drive a sedan, use a radio/MDC, and be familiar with Microsoft Word and Excel, as well as Telestaff, in order to create reports for use by the Department. No portion of the EROs job description, before reassignment of Plaintiffs to a different position or after, included fire suppression as part of the responsibilities of that job.

14. Each of the Plaintiffs have within three (3) years prior to the filing of this complaint, and before, been employed by the SDFD as Fire Captain EROs.

15. Plaintiff ALFARO has a forty (40) hour work-week hourly pay rate of $53.08 when including add on payments allowable under 29 U.S.C. § 207(d), (e).

16. Plaintiff AUSTIN has a forty (40) hour work-week hourly pay rate of $51.01 when including add on payments allowable under 29 U.S.C. § 207(d), (e).

17. Plaintiff DENLINGER has a forty (40) hour work-week hourly pay rate of $53.08 when including add on payments allowable under 29 U.S.C. § 207(d), (e).

18. The Plaintiffs, and each of them, within the three years prior to the filing of this complaint routinely worked 56 hours per week, and more, while employed as EROs by the SDFD.

19. The Plaintiffs, and each of them, were not timely paid for their overtime work at time-and-a-half or higher, as required by the FLSA.

20. Defendant CITY OF SAN DIEGO, acting by and through its appointing authority for its Fire-Rescue Department, Defendant BRIAN FENNESSY, has failed and refused to pay the overtime amounts due and owing to

Plaintiffs despite the access of both Defendants to all of Plaintiffs time and payroll records.

21.     Defendant CITY OF SAN DIEGO, acting by and through its appointing authority for its Fire-Rescue Department, Defendant BRIAN FENNESY, has failed and refused to pay even the smaller overtime amounts it does not dispute are due and owing to Plaintiffs (though Plaintiffs contend higher amounts are owed) despite the access of both Defendants to all of Plaintiffs time and payroll records. By failing to pay undisputed amounts of unpaid but owing overtime compensation to Plaintiffs, Defendants, and each of them, have acted willfully, injuring each of the Plaintiffs by this conduct.

22.     On March 18, 2014, the United States Court of Appeals for the Ninth Circuit issued its published opinion in the case of *Haro v. City of Los Angeles*, 745 F.3d 1249 (9th Cir. 2014) ("*Haro*"). The *Haro* matter, factually and materially on all fours with the present case, set at rest the reliance by some California cities, including San Diego, on the notion that tangential involvement in fire suppression, by taking and relaying dispatch information, qualifies as engagement in "fire protection" under the FLSA, 29 U.S.C. § 207(k) and § 203(y). Although there was no reasonable argument to be made on this score beforehand, there can be no dispute that at least as of March 18, 2014, SDFD's EROs were not engaged in "fire protection" and were, thus, entitled to payment of overtime wages for all hours in excess of 40 worked in one week. 29 U.S.C. § 207(a).

23.     The Defendants, and each of them, have failed and refused, and continue to fail and refuse, to pay Plaintiffs for their respective overtime work.

24.     The Defendants, and each of them, have lulled the Plaintiffs into a false sense of potential conclusion of this matter in signaling to them that there was an interest on the part of Defendants to settle this case while not providing to Plaintiffs any reasonable offer of settlement of their claims. What's more, the Defendants have also not paid the Plaintiffs the amounts of money they are

indisputably owed and, to add insult to injury, have actually dismissed Plaintiffs from their respective ERO positions in retaliation for their having the temerity to complain about their missing overtime wages. Thus, Defendants are equitably estopped from arguing the statute of limitations bars any claims made as of the date they first received from Plaintiffs complaints of unpaid overtime compensation, early 2014.

25. The failure to pay overtime wages to Plaintiffs has resulted in lost wages, lost use of those wages, lost pension contributions and related retirement benefits, emotional injury, and the entire panoply of permissible general and special damages.

26. The loss by Plaintiffs of their respective ERO positions was also intentionally and maliciously undertaken by both Defendants, in particular Defendant BRIAN FENNESSY, who has acted maliciously and in conscious disregard of Plaintiffs rights, all without substantial justification or business-necessity justification, by removing these Plaintiffs from their jobs and reassigning them therefrom. This removal occurred within two years preceding the filing of this complaint.

27. The removal of Plaintiffs from their respective ERO position in retaliation for their complaint regarding the Defendants' failure to pay to them earned overtime compensation was deliberate, willful, malicious, and taken in conscious disregard of the Plaintiffs rights. This conduct of the Defendants, and each of them, has resulted in a change in the terms and conditions of Plaintiffs' employment, including, but not limited to, the loss of wages, lost pension contributions and related retirement benefits, emotional injury, and the entire panoply of permissible general and special damages. Plaintiffs are also entitled to liquidated damages on their retaliation claim as against both Defendants and punitive or exemplary damages as against Defendant FENNESSY.

/ / /

## V. <u>FIRST CLAIM FOR RELIEF</u>
### VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
### (UNPAID OVERTIME WAGES)
### (AGAINST ALL DEFENDANTS)

28.     Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

29.     Defendants' willful failure to pay Plaintiffs all earned overtime compensation to Plaintiffs was a violation of the FLSA.

30.     Plaintiffs are entitled to receive compensation and one and one-half times or double their respective regular rates of pay for the work described above. Plaintiffs are also entitled to receive compensation for lost pension or related retirement benefit contributions.

31.     Plaintiffs are entitled to an award of liquidated damages in an amount equal to the overtime wages owed to them, pursuant to 29 U.S.C. § 216(b), or interest at the legal rate, or both.

32.     Plaintiffs are entitled to reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b) as a direct and legal result of the Defendants' failure to pay overtime compensation.


## VI. <u>SECOND CLAIM FOR RELIEF</u>
### VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
### (FOR RETALIATION)
### (AGAINST ALL DEFENDANTS)

33.     Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

34.     Defendants violated the FLSA, 29 U.S.C. § 215(a)(3), by following complaints made directly to the Defendants for payment of legally earned overtime compensation, reassigning the Plaintiffs from their position as EROs.

35.     Because Defendants acted in response to, and because of, Plaintiffs' complaints regarding unpaid overtime wages, Defendants' retaliation was willful.

36. Plaintiffs are entitled to reinstatement to their positions, lost wages and attendant lost pension and related retirement benefits, and damages for emotional injury all according to proof.

37. Plaintiffs are also entitled as a result of Defendants' willful acts to liquidated damages on this claim for relief, pursuant to 29 U.S.C. § 215(a)(3).

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

## VII. **PRAYER FOR RELIEF**

38.  WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor as follows:

(a)  An award of unpaid overtime compensation in an amount according to proof;

(b)  An order reinstating Plaintiffs to their positions as EROs;

(c)  An award of lost wages resulting from the retaliatory reassignment of Plaintiffs from their ERO positions;

(d)  An award of damages for emotional injury resulting from the retaliatory reassignment of Plaintiffs from their ERO positions;

(e)  An award of lost pension or related retirement benefit contributions;

(f)  An award of liquidated damages pursuant to 29 U.S.C. § 216(b), or interest at the legal rate, or both;

(g)  An award of liquidated damages pursuant to 29 U.S.C. § 215(a)(3);

(h)  An award of punitive or exemplary damages against Defendant FENNESSY only pursuant to 29 U.S.C. § 215(a)(3);

(i)  An award of costs and disbursements incurred by Plaintiff in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs; and

(j)  For such other and further relief as the Court deems just and proper.

Dated: December 30, 2016          **SHEWRY & SALDAÑA, LLP**

By: _ */s/ Christopher C. Saldaña*
Christopher C. Saldaña
Attorneys for Plaintiffs

Ryan Conger
CONGER LAW
Attorneys for Plaintiffs

## VIII. <u>DEMAND FOR JURY TRIAL</u>

Pursuant to the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury for each claim for relief so triable.

Dated: December 30, 2016      **SHEWRY & SALDAÑA, LLP**

By:   <u>*/s/ Christopher C. Saldaña*</u>
         Christopher C. Saldaña
         Attorneys for Plaintiffs

         Ryan Conger
         CONGER LAW
         Attorneys for Plaintiffs