MARA W. ELLIOTT, City Attorney
GEORGE F. SCHAEFER, Assistant City Attorney
LAURA M. DEPOISTER, Deputy City Attorney
California State Bar No. 238642
      Office of the City Attorney
      1200 Third Avenue, Suite 1100
      San Diego, California 92101-4100
      Telephone:  (619) 533-5800
      Facsimile:   (619) 533-5856
      Email:       ldepoister@sandiego.gov

Attorneys for Defendants
CITY OF SAN DIEGO and BRIAN FENNESSY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS ALFARO, an individual; DERRIN AUSTIN, an individual; and PIPER DENLINGER, an individual,<br><br>                Plaintiffs,<br><br>      v.<br><br>CITY OF SAN DIEGO; a California Municipal Corporation; and BRIAN FENNESSY, individually and in his official capacity as Chief of the SAN DIEGO FIRE-RESUCE DEPARTMENT and DOES 1 THROUGH 10,<br><br>                Defendants. | Case No.   17cv0046 H KSC<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>**[FRCP 12(b)(6)]**<br><br>Judge:        Hon. Marilyn L. Huff<br>Court Room:  15A<br>Trial:          Not Yet Set |

1

# TABLE OF CONTENTS

2
<u>**Page**</u>

3  I.  INTRODUCTION ................................................................................... 1

4  II.  RELEVANT FACTS AS ALLEGED IN PLAINTIFFS' COMPLAINT ........... 2

5  III.  LEGAL STANDARD .......................................................................... 3

6  IV.  LEGAL ANALYSIS ........................................................................... 5

7       A.  San Diego Fire-Rescue Department Chief Brian Fennessy is Not a
        Proper Defendant .......................................................................... 5

8           *1.  Only an Employer is Liable for Failure to Pay Overtime* ............... 5

9           *2.  Plaintiffs' Must Also Establish An Employer-Employee*
10            *Relationship as to Their Claim for Retaliation* ................................ 8

11       B.  Plaintiffs' Second Cause of Action for Retaliation Lacks a Statement of
        Compliance with the Government Claims Act ........................................ 9

12

13       C.  Plaintiffs' Failed to Exhaust Their Administrative Remedies Regarding
        Disputes As To Their Hourly Wage ...................................................... 11

14  V.     CONCLUSION .......................................................................... 114

15

16

17

18

19

20

21

22

23

24

25

26

27

28

i

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

<u>Page</u>

**Cases**

*Albertson's Inc. v. United Food and Commercial Workers Union,*
    157 F.3d 758 (9th Cir.1998) ........................................................................ 13

*Arias v. Raimondo,*
    2015 WL 1469272 at *3-4 (E.D. Cal. 2015)................................................ 8

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009).................................................................................... 4

*Baird v. Kessler,*
    172 F. Supp. 2d 1305 (E.D. Cal. 2001)......................................... 5, 6, 7, 8

*Barrentine v. Arkansas–Best Freight Sys., Inc.,*
    450 U.S. 728, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981) ............................ 13

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007)............................................................................. 3, 4

*Boddy v. Astec, Inc.,*
    2012 WL 5507298 *6 (E.D. Tenn. 2012) ................................................. 8

*Broam v. Bogan,*
    320 F.3d 1023 (9th Cir. 2003) .................................................................. 4

*Burgdorf v. Funder,*
    246 Cal.App.2d 443 (1966) ...................................................................... 9

*Burke v. City of El Cajon,*
    2007 WL 2915067, *6 (S.D. Cal. 2007) .................................................. 11

*Collins v. Lobdell,*
    188 F.3d 1124 (9th Cir. 1999) ................................................................ 13

*De La Cruz v. Tormey,*
    582 F.2d 45 (9th Cir. 1978) ...................................................................... 3

*Dellinger v. Sci. Applications Int'l Corp.,*
    649 F. 3d 226 (4th Cir. 2011) ................................................................... 8

*Del Real v. City of Riverside,*
    95 Cal. App. 4th 761 (2002) ................................................................... 10

*Don daRoza, Inc. v. N. Cal. Dist. Council of Hod Carriers, Bldg. & Const. Laborers of Int'l Hod Carriers, Bldg. & Common Laborers' Union of Am.,*
    233 Cal. App. 2d 96 (1965) .................................................................... 12

*Donovan v. Agnew,*
    712 F.2d 1509 (1st Cir.1983).................................................................... 5

# TABLE OF AUTHORITIES
## (con't)

**Page**

*Hagin v. Pacific Gas & Elec. Co.*,
  152 Cal.App.2d 93 (1957) ................................................................. 12

*Haro v. City of Los Angeles*,
  745 F.3d 1249 (9th Cir. 2014) ........................................................... 2

*Hoops v. KeySpan Energy*,
  794 F. Supp. 2d 371 (E.D.N.Y 2011) .......................................... 12, 13

*Johnson v. Golden Empire Transit District*,
  2016 WL 3999996 at *9 (E.D. Cal. 2016) ........................................ 7

*Lihosit v. Flam*,
  2016 WL 2865870 *3 (May 17, 2016 D. Ariz.) ............................... 4

*Local 246 Util. Workers Union v. Southern Cal. Edison Co.*,
  83 F.3d 292 (9th Cir.1996) ............................................................. 13

*Ovando v. County of Los Angeles*,
  159 Cal. App. 4th 42 (2nd Dist. 2008) ........................................... 9

*Sams v. Yahoo! Inc.*,
  713 F.3d 1175 (9th Cir. 2013) ........................................................ 4

*State v. Superior Court* (*Bodde*),
  32 Cal. 4th 1234 (2004) ................................................................. 11

*Tand v. Soloman Schechter Day School of Nassau County*,
  324 F.Supp.2d 379 (E.D.N.Y 2004) ............................................... 12

*United States v. Ritchie*,
  342 F.3d 903 (9th Cir. 2003) ......................................................... 4

*Vaca v. Sipes*,
  386 U.S. 171 (1967) ....................................................................... 12

*Wills v. Reddin*,
  418 F.2d. 702 (9th Cir. Cal. 1969) ............................................. 9, 11

*Wren v. Sletten Constr. Co.*,
  654 F.2d 529 (9th Cir.1981) .......................................................... 13

*Wright v. Universal Maritime Serv. Corp.*,
  525 U.S. 70, 119 S.Ct. 391, 142 L.Ed.2d 361 (1998) ................... 13

**Statutes**
29 U.S.C. § 203(y) ............................................................................ 1
29 U.S.C. § 207 ................................................................................ 5
29 U.S.C. § 207(k) ........................................................................... 1
29 U.S.C. § 215(a)(3) ....................................................................... 8
Cal. Gov't Code § 900.4 ................................................................. 11
Cal. Gov't Code § 901 .................................................................... 11

17cv0046 H (KSC)

1

# TABLE OF AUTHORITIES
## (con't)

2
**Page**

3
Cal. Gov't Code § 905 ........................................................................................ 9, 11
Cal. Gov't Code §905(c) ......................................................................................... 10
4
Cal. Gov't Code § 945.4 ............................................................................................ 9
Cal. Gov't Code §§ 945.4-945.6 ...................................................................... 9, 10, 11
5
Cal. Gov't Code § 950.2 ...................................................................................... 9, 10
Cal. Gov't Code § 950.6(a) ..................................................................................... 10
6
**Rules**

7
Fed. R. Civ. P. 8(a)(2) .............................................................................................. 4
Fed. R. Civ. P. 12(b)(6) ...................................................................................... 3, 11
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants City of San Diego and Brian Fennessy, (hereinafter collectively "Defendants"), respectfully submit the following Memorandum of Points and Authorities in support of their Motion to Dismiss as follows:

## I.  INTRODUCTION

Plaintiffs Marcus Alfaro, Derrin Austin and Piper Denlinger ("Plaintiffs") are Fire Captains with the San Diego Fire-Rescue Department ("SDFD"). Plaintiffs' claims, brought under the Fair Labor Standards Act ("FLSA"), allege that they are entitled to overtime pay, and that as a result of seeking overtime pay, Defendants retaliated against them. Plaintiffs have brought their claims not only against the City of San Diego, their employer, but also improperly against Brian Fennessy, Chief of the San Diego Fire-Rescue Department as a Defendant. As set forth below, Plaintiffs' claims cannot withstand the scrutiny of Defendants' Motion to Dismiss.

Plaintiffs allege they are entitled to overtime pay under the Fair Labor Standards Act ("FLSA") for all hours they worked in excess of forty hours a week during the relevant time period when they held the position of Emergency Resource Operators ("ERO"). Pursuant to the FLSA, an employee who is engaged in "fire suppression activities" is not subject to overtime pay for hours worked in excess of forty hours a week. 29 U.S.C. § 207(k)("7k exemption"). The FLSA defines an employee engaged in "fire suppression activities" as follows:

> [F]irefighter, paramedic, emergency medical technician, rescue worker, ambulance personnel, or hazardous material worker who: (1) is trained in fire suppression, has the legal authority and responsibility to engage in fire suppression, and is employed by a fire department of a municipality, county, fire district or State; and (2) is engaged in the prevention, control, and extinguishment of fires or response to emergency situations where life, property or the environment is at risk.

29 U.S.C. § 203(y).

At all relevant time, the City considered the ERO position to fall within the 7k exemption, and thus, exempt from standard overtime pay. Plaintiffs worked what is known as a 56 hour work week (212 hours in a 28-day period.)

On March 18, 2014, the Ninth Circuit Court of Appeals issued its decision in *Haro v. City of Los Angeles*, 745 F.3d 1249 (9th Cir. 2014)("*Haro*"). In *Haro*, a group of dispatchers challenged the City of Los Angeles' classification of them as 7k exempt employees engaged in fire protection. These dispatchers performed regular dispatcher duties, including receiving emergency calls, and sending dispatch messages to the fire station and any specific vehicles to be dispatched. *Haro* at 1252. The Ninth Circuit sided with the dispatchers, and held that they do not engage in fire suppression activities, and thus, did not fall within the 7k exemption. Based upon *Haro*, Plaintiffs now claim that they too fall outside the 7k exemption, and are therefore owed standard overtime pay.

Defendants disagree that *Haro* applies to the ERO position, that Plaintiffs are owed any overtime pay, or that they have been retaliated against. Regardless of the factual analysis that will ultimately disprove all of Plaintiffs' claims, Plaintiffs Complaint is properly subject to Defendants' Motion to Dismiss because: 1) SDFD Chief Brian Fennessy is not a proper defendant as to either of Plaintiffs' claims; 2) Plaintiffs' failed to comply with the government tort claims act as to their second cause of action; and 3) Plaintiffs failed to exhaust their administrative remedies as to their first cause of action.

## II. RELEVANT FACTS AS ALLEGED IN PLAINTIFFS' COMPLAINT

Plaintiffs allege that EROs "take emergency calls for service and dispatch emergency calls and send a dispatch message to the fire station and any specific vehicles to be dispatched." (Complaint, ¶ 11.) Plaintiffs claim that as EROs, they did not "actually engage in fire suppression activities such as responding on scene to fires for the purpose of suppressing those fires" and are not required to have fire

1  protective hear, or handle firefighting equipment. (*Id.*, ¶¶11-12.) Plaintiffs allege

2  that as EROs, they worked 56 hours per week, or more, and are thus entitled to

3  overtime pay for hours worked in excess of forty per week. (*Id.*, ¶ 18.)

4      According to Plaintiffs, *Haro* "set at rest the reliance by some California

5  cities, including San Diego, on the notion that general involvement in fire

6  suppression, by taking and relaying dispatch information, qualifies as engagement

7  in 'fire protection' under the FLSA" and that "[a]lthough there was no reasonable

8  argument to be made on this score beforehand, there can be no dispute that at least

9  as of March 18, 2014, SDFD's EROs were not engaged in 'fire protection' and

10  were, thus, entitled to payment of overtime wages for all hours in excess of 40

11  worked in one week." (Complaint, ¶ 22.)

12      Plaintiffs allege that after the Ninth Circuit issued its opinion in *Haro*, they

13  raised complaints of unpaid overtime compensation in early 2014, but that the City

14  has failed to pay them overtime wages. (Complaint, ¶ 24.) In an attempt to plead

15  around the applicable statute of limitations, Plaintiffs also allege that they were

16  "lulled" into a "false sense of potential conclusion of this matter" by Defendants

17  because the parties entered into pre-suit negotiations. (*Id.* at ¶ 24.) Finally, in

18  addition to alleging they are owed overtime pay, Plaintiffs allege that in response

19  to making a complaint for overtime pay, Defendants retaliated against Plaintiffs by

20  reassigning them from the ERO position. (*Id.* at ¶¶ 26 and 27.)

21      **III. LEGAL STANDARD**

22      Pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), a party may

23  move to dismiss if the complaint fails to state a claim upon which relief can be

24  granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the

25  pleadings. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).  A complaint

26  survives a motion to dismiss only if it contains "enough facts to state a claim to

27  relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

28  570 (2007). In ruling on a motion pursuant to Rule 12(b)(6), a court must construe

3

the pleadings "in the light most favorable to the plaintiff" and, further, "must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn from them." *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* Furthermore, the federal rules require more than an "unadorned 'the defendant-unlawfully-harmed-me accusation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679, *quoting* Fed. R. Civ. P. 8(a)(2).

To meet the "facial plausibility" standard, a complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. 662 at 678. When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents incorporated by reference in the complaint, matters of which the Court's judicial notice, matters of public record, and documents on which the complaint necessarily relies, if their authenticity is not contested. *Id.; Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)*; Lihosit v. Flam,* 2016 WL 2865870 *3 (May 17, 2016 D. Ariz.).

/ / /

/ / /

/ / /

/ / /

## IV. LEGAL ANALYSIS

### A.   San Diego Fire-Rescue Department Chief Brian Fennessy is Not a Proper Defendant

#### 1.  *Only an Employer is Liable for Failure to Pay Overtime Wages*

Under the FLSA, only an employer is liable for failure to pay overtime wages. 29 U.S.C. § 207. The FLSA gives an expansive interpretation to the term employer. However, even under an expansive interpretation, Chief Fennessy is not considered Plaintiffs' "employer" as that term has been applied under the FLSA.

The Ninth Circuit has stated that the following four factors should be considered in determining the existence of an employer-employee relationship under the FLSA:

> (1) whether the alleged employer had the power to hire and fire the employees; (2) whether the alleged employer supervised and controlled employee work schedules or conditions of employment; (3) whether the alleged employer determined the rate and method of payment; and (4) whether the alleged employer maintained employment records. *Id.*

*Baird v. Kessler*, 172 F. Supp. 2d 1305, 1310–11 (E.D. Cal. 2001).

The reason for the four-factor "economic realities" test has been explained as follows:

> [T]oo much weight cannot be put on the Act's broadly inclusive definition of 'employer.'  Taken literally and applied in this context it would make any supervisory employee, **even those without any control over the corporation's payroll**, personally liable for the unpaid or deficient wages or other employees. It makes more sense ... to interpret the language as intended to prevent employers from shielding themselves from responsibility for the acts of their agents.

*Baird*, 172 F. Supp. 2d at 1311; citing *Donovan v. Agnew,* 712 F.2d 1509, 1513 (1st Cir.1983).

5

In *Baird v. Kessler*, plaintiffs, employees of the Transportation Unit of the California Department of Corrections (CDC), brought suit against nine CDC managers, sued in their individual capacities. *Baird v. Kessler*, 172 F. Supp. at 1307. In applying the above four-factor "economic realities" test, the Court found that even though the defendants were involved in the day-to-day aspect of plaintiffs' jobs, because they did not control payment of plaintiffs' wages, they could not be held individually liable:

> It is undisputed that the most 'powerful' of these defendants could make civil appointments, appoint employees to work in the Transportation Unit, and participate in the collective bargaining process with the CCPOA. It is also not in dispute that many of these defendants, as supervisors and managers, set plaintiffs' schedules, assisted in the drafting of employee handbooks, approved 'post orders,' recommended or reviewed the termination of other employees, and maintained employment records for the CDC. Considering the economic reality of the circumstances here, a crucial aspect of control is missing. **Despite their varying degrees of participation in the day-to-day work environment of these plaintiffs, none of these defendants 'control the purse strings' that support plaintiffs' jobs**. *See Bonnette,* 704 F.2d at 1470 (finding that power over the employment relationship by virtue of control over the purse strings is a substantial factor in identifying an employee-employer relationship). In this instance, the State maintains all of the control.

*Id*. at 1311, emphasis added.

Plaintiffs have not alleged any facts to establish the type of employer-employee relationship necessary to pursue a claim against Chief Fennessy for unpaid wages under the FLSA. In fact, Plaintiffs cannot allege such facts because the EROs hours and rates of pay are determined by the City Council as memorialized in the Memorandum of Understanding between the City of San Diego and San Diego City Firefighters, I.A.F.F. Local 145 ("MOU")[1] and the

---

[1] The ERO position was a classified position represented by the International Association of Fire Fighters, AFL-CIO, Local 145.

applicable Salary Ordinances. (Exh. 1 at Article 20(A) to Request for Judicial Notice ("RJN")[2]; *see also* Salary Ordinances, Exh. 2-4.) Thus, Chief Fennessy is not individually responsible for determining Plaintiffs' hours, rate of pay, or whether they are allegedly owed overtime. In sum, he is not in "control of the purse strings." *Baird*, 172 F. Supp. 2d at 1310-1311; *Johnson v. Golden Empire Transit District*, 2016 WL 3999996 at *9 (E.D. Cal. 2016). Plaintiffs did not and cannot allege any facts that would satisfy the four-factor "economic realities" test to establish that Chief Fennessy was their "employer" under the FLSA. Instead, Plaintiffs' Complaint is limited to the allegation that the City acted "by and through its appointing authority for its Fire-Rescue Department, Defendant BRIAN FENNESSY" and that Chief Fennessy "has the ultimate decision-making authority over SDFD personnel and SDFD personnel matters." (Complaint, ¶¶ 4, 20, 21.) In light of the fact that Fire Captain hourly schedule and the hourly wage are determined by the MOUs and Salary Ordinances, these allegations are inadequate to establish that Chief Fennessy determined the methods and rates of pay, that Chief Fennessy maintained employment records, or otherwise controlled the "purse strings." *Baird,* 172 F. Supp. 2d at 1311.

The Court in *Baird* made clear that broadening the term "employer" to include all managers (as Plaintiffs are attempting to do) is not the intent or purpose of the FLSA:

> This court does not believe that Congress intended to make each individual manager and officer within a business, public or private, personally liable for violations of the FLSA, when a manager or officer cannot control the very things which may lead to violations of the FLSA. Such a rule would discourage rather than encourage men and women from working hard, in an effort to "move up" the ranks toward "better" jobs. Accordingly, the court finds that these defendants are not employers under the FLSA, and thus cannot be held personally liable for any violations of the FLSA.

---

[2] All further references to Exhibits are to those Exhibits attached to Defendants' Request for Judicial Notice, filed concurrently herewith.

*Baird,* 172 F. Supp. 2d at 1312.

At best, Plaintiffs' have alleged that Chief Fennessy was a manager. (Complaint, ¶¶4, 20, 21.) However, the FLSA does not render all managers liable for alleged wage and hour violations, and Plaintiffs have failed to plead fact sufficient to establish he is their "employer" as that term is applied under the FLSA. Nor can they, as Chief Fennessy is not responsible for setting Plaintiff's hourly rate or payment of their wages. As a result, Chief Fennessy is not a proper defendant as to Plaintiffs' first cause of action, and must be dismissed.

**2.      *Plaintiffs' Must Also Establish An Employer-Employee Relationship as to Their Claim for Retaliation***

It is anticipated that Plaintiffs will argue that their second cause of action for retaliation, brought under 29 U.S.C. section 215(a)(3), is proper against Chief Fennessy because the statute provides it is unlawful for "any person" to "discharge or in any other manner discriminated against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter." 29 U.S.C. § 215(a)(3). However, an employee may only bring a claim for a violation of the FLSA against his or her **employer**, as that term is defined under the FLSA. *Dellinger v. Sci. Applications Int'l Corp*., 649 F. 3d 226, 229 (4th Cir. 2011); *Arias v. Raimondo*, 2015 WL 1469272 at *3-4 (E.D. Cal. 2015)(finding that an employee may only sue employers for retaliation under the FLSA). As with their first cause of action, the term "employer" is again subject to the "economic realities" test and in order to hold Chief Fennessy individually liable, Plaintiffs must establish that he has "economic control over the relationship." *Arias*, 2015 WL 1469272 at * 4; *see also*, *Boddy v. Astec, Inc*., 2012 WL 5507298 *6 (E.D. Tenn. 2012). For the same reasons set forth above (see, *supra*, pp. 5-8), Plaintiffs failed to allege facts to satisfy the "economic realities"
/ / /

8

1  test, and as a result, have failed to properly allege their second cause of action

2  against Chief Fennessy.

3         The City of San Diego is Plaintiffs employer as that term is defined under

4  the FLSA, not Chief Fennessy. Chief Fennessy is not a proper Defendant as to

5  either FLSA claim brought by the Plaintiffs, and must be dismissed from this

6  action.

## B. Plaintiffs' Second Cause of Action for Retaliation Lacks a Statement of Compliance with the Government Claims Act

9         The California Government Claims Act conditions the right of a "suit for

10  money or damages" against a public entity by requiring that any such cause of

11  action must comply with the claim presentation provisions set forth in the

12  California Government Code. Cal. Gov't Code §§ 945.4-945.6. The law is clear

13  that, with limited exceptions (which apply to Plaintiffs' first cause of action) "no

14  suit for money or damages may be brought against a public entity on a cause of

15  action for which a claim is required to be presented ... until a written claim therefor

16  has been presented to the public entity and has been acted upon by the board . . ."

17  (*hereinafter* "claim presentation requirements"). Cal. Gov't Code § 945.4; *Ovando*

18  *v. County of Los Angeles*, 159 Cal. App. 4th 42, 62 (2nd Dist. 2008)(claim

19  presentation requirement applies to action against a local public entity for money

20  or damages); *see also* Cal. Gov't Code § 905 (list of limited exceptions to claim

21  presentation requirement). Compliance with statutes which condition the right to

22  sue a public entity are more than procedural requirements, they are elements of a

23  cause of action and a condition precedent to the maintenance of an action against

24  the public entity and/or its employee(s). *Wills v. Reddin*, 418 F.2d. 702, 704 (9th

25  Cir. Cal. 1969).

26         A claim is required as a jurisdictional prerequisite to the action against the

27  City, and its employee(s), equally. Cal. Gov't Code §§ 945.4-945.6 and 950.2;

28  *Burgdorf v. Funder*, 246 Cal.App.2d 443, 446 (1966). Similarly, California

9

Government Code section 950.6 provides that when a person presents a written claim for money or damages or injury to the employing public entity, then a cause of action for such injury may not be maintained against the public employee until the claim is rejected or deemed rejected as a matter of law. Cal. Gov't Code § 950.6(a).

An exception from this requirement exists where the damages sought by public employees are limited to "fees, salaries, wages, mileage, or other expenses or allowances." Cal. Gov't Code § 905(c). Plaintiffs' first cause of action under the FLSA, seeking alleged overtime compensation, falls within this exception. However, some of the damages Plaintiffs' seek pursuant to their second cause of action for retaliation does not fall within this exception, and is therefore subject to the claims presentation requirements.

In connection with their second cause of action, Plaintiffs seek the following damages: "reinstatement to their positions, lost wages and attendant lost pension and related retirement benefits, and *damages for emotional injury all according to proof*." (Complaint, ¶ 36, emphasis added.) Plaintiffs also allege recovery for the "entire panoply of permissible general and special damages." (Complaint, ¶ 25.) Damages for personal injuries must comply with the claims presentation requirement. Cal. Gov't Code § 945.4. As a result, Plaintiffs were required to comply with the Government Claims Act in order to bring a claim against Defendants for their alleged emotional injury damages. Cal. Gov't Code §§ 945.4-945.6 and 950.2.

The failure to expressly plead compliance with the claim presentation requirement subjects the cause of action to dismissal for failure to state a claim. California courts have explained "[t]he filing of a claim is a condition precedent t to the maintenance of any cause of action against the public entity and is therefore an element that a plaintiff is required to prove in order to prevail." *Del Real v. City of Riverside*, 95 Cal. App. 4th 761, 767 (2002); *State v. Superior Court* (*Bodde*),

10

32 Cal. 4th 1234, 1239 (2004)(complaint subject to demurrer in state court for lack of allegations to show compliance with the claim presentation requirements); *Burke v. City of El Cajon*, 2007 WL 2915067, *6 (S.D. Cal. 2007)(complaint subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6) in federal court, for lack of a statement regarding compliance with the claim presentation requirements.)

Here, Plaintiffs failed to allege compliance or attach their claim form evidencing their compliance with California's Government Claims Act prior to filing the instant action. They also failed to allege or attach the City's denial of the claim prior to filing the instant action in conformity with Government Code section 950.6. Plaintiffs' Complaint fails to even allege compliance with the jurisdictional prerequisites to their claims for money or damages under California law. (*See* Complaint, generally.)

It is undisputed that the City is a local public entity. Cal. Gov't Code § 900.4; *Complaint*, ¶ 3. It is also undisputed that Plaintiffs' second cause of action states claims for money and damages pursuant to alleged personal injuries. (*See generally* Complaint, ¶¶ 25, 36, 38(b), (d).) Accordingly, pleading or demonstrating compliance with the California Government Code is mandatory in this action. *Id*.; *see also* Cal. Gov't Code §§ 945.4-945.6; 901 and 905 *et seq.*; *Wills*, 418 F.2d. 702. Given Plaintiffs' failure to plead compliance with the claim presentation requirements, Plaintiff's second cause of action must be dismissed. *Id*., Fed. R. Civ. P. 12(b)(6).

### C. Plaintiffs' Failed to Exhaust Their Administrative Remedies Regarding Disputes As To Their Hourly Wage

The ERO hourly schedule and hourly wage are set pursuant to the applicable Salary Ordinance and governed by the MOU. (Exhs. 1-4 to RJN.) Specifically, the MOU provides the schedule for EROs as follows: "Members of the unit assigned to fire suppression companies shall normally work an average fifty-six-hour week consisting of twenty-four hour work shifts. All other members of the unit shall

1    work an average forty-hour work week…" (Exh. 1 to RJN, Article 20(A).) The

2    MOU also sets the hourly rate for each Plaintiff. (Exh. 1 at Article 24; Exh. 2[3] at

3    Salary Table (exhibit A, p. 11); Exh 3 at Salary Table (exhibit A, p. 14); Exh. 4 at

4    Salary Table (exhibit A, p. 14.)

5         Pursuant to the MOU, grievances related to hourly wages must go through

6    an internal grievance process before other remedies can be sought. (Exh. 1 at

7    Article 25.) Article 25(A)(1) of the MOU defines a grievance as a "claim or charge

8    of misunderstanding, or difference in interpretation, or violation of provisions

9    of…this MOU…." (Exh. 1 at Article 25(A)(1), p. 36 of MOU.) The MOU also

10   provides that "Local 145 agrees to pursue all claims of violation of this MOU

11   through the grievance procedure. Resort to other remedies shall not be pursued

12   until all steps of the grievance procedure have been exhausted." (Exh. 1 at Article

13   25(B)(7), p. 38 of MOU.) Plaintiffs schedule and rates of pay are clearly governed

14   by the MOU and Salary Ordinances. (Exh. 1 at Article 20(A) and Article 24.)

15        "In general, when a collective bargaining agreement provides for arbitration

16   and grievance procedures for employee grievances, the aggrieved employee must

17   make an attempt to exhaust the procedures set forth in the governing collective

18   bargaining agreement prior to resorting to judicial relief." *Tand v. Soloman*

19   *Schechter Day School of Nassau County*, 324 F.Supp.2d 379, 384 (E.D.N.Y 2004),

20   citing *Vaca v. Sipes*, 386 U.S. 171, 184 (1967); *see also*, *Hoops v. KeySpan*

21   *Energy,* 794 F. Supp. 2d 371, 379 (E.D.N.Y 2011); *Don daRoza, Inc. v. N. Cal.*

22   *Dist. Council of Hod Carriers, Bldg. & Const. Laborers of Int'l Hod Carriers,*

23   *Bldg. & Common Laborers' Union of Am.*, 233 Cal. App. 2d 96, 101 (1965); *Hagin*

24   *v. Pacific Gas & Elec. Co.*, 152 Cal.App.2d 93, 96 (1957).

25   / / /

26

27   _____

     [3] Pursuant to the MOU, the job classification of "Fire Captain" is assigned class #1456
28   (*see* p. 16 of exhibit B to MOU "The City of San Diego Classified Service Classes and Standard
     Rates.) Thus, the Standard Rate of Fire Captain is the hourly rate assigned to class #1456 in the
     applicable Salary Ordinance Tables.

The rule for determining whether a plaintiff is required to exhaust administrative remedies prior to initiating a federal lawsuit under the FLSA is as follows:

> If the claim is based on rights arising from the collective bargaining agreement, the plaintiff is required to exhaust remedies created by the agreement. *Barrentine v. Arkansas–Best Freight Sys., Inc.,* 450 U.S. 728, 736–37, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981); *Wren v. Sletten Constr. Co.,* 654 F.2d 529, 535 (9th Cir.1981). However, if the claim arises from statutory rights, the plaintiff is not required to exhaust agreement remedies, *Barrentine,* 450 U.S. at 737, 101 S.Ct. 1437; *Albertson's Inc. v. United Food and Commercial Workers Union,* 157 F.3d 758, 761 (9th Cir.1998), because statutory rights under the FLSA are 'guarantees to individual workers that may not be waived through collective bargaining.' *Local 246 Util. Workers Union v. Southern Cal. Edison Co.,* 83 F.3d 292, 297 (9th Cir.1996); *see also Wright v. Universal Maritime Serv. Corp.,* 525 U.S. 70, 119 S.Ct. 391, 394, 142 L.Ed.2d 361 (1998).

*Collins v. Lobdell*, 188 F.3d 1124, 1127 (9th Cir. 1999).

The Court in *Hoops v. KeySpan Energy* clarified that where Plaintiffs' claim deals with interpretation of a collective bargaining agreement, and not purely a claim for unpaid wages under the FLSA, a plaintiff must first comply with administrative remedies before bringing a cause of action under the FLSA. *Hoops v. KeySpan Energy*, 794 F.Supp.2d at 379 ("ultimately, it is what Plaintiff failed to include in his complaint … that guides the Court's decision in this matter; namely, that the Plaintiff acknowledges that the Court will first have to determine 'what straight-time wage rate the Plaintiff was entitled to be paid …'") Therefore, while Plaintiff need not exhaust their administrative remedies if their causes of action were strictly limited to application of the FLSA, if any portion of their claims involve interpretation of the MOU, Plaintiffs were required to comply with the MOU's grievance procedure prior to initiating this action.

Plaintiffs have alleged what they believe to be the hourly rates by which their alleged unpaid overtime should be calculated. (Complaint, ¶¶15-17.)

13

However, the hourly wage rate for the ERO position, which is a Fire Captain classification, is set pursuant to the MOU/Salary Ordinance. (Exh. 1 at Article 24; Exhs. 2-4.) The hourly rates alleged by Plaintiffs are substantially greater than the range of hourly rates for Fire Captains as defined in the Salary Ordinances. Specifically, Plaintiffs allege that their respective hourly wages are $53.08 (Plaintiff Alfaro), $51.01 (Plaintiff Austin) and $53.08 (Plaintiff Denlinger). (Complaint, ¶¶ 15-17.) It is undisputed that Plaintiffs hold the rank of Fire Captain. (Complaint, ¶ 14.) Pursuant to the Salary Tables, the rank of Fire Captain is classified as Class #1456. (Exh. 1, MOU, at p. 16 of MOU exhibit B.) The hourly rates of a Fire Captain from Fiscal Year 2013 through Fiscal Year 2015, depending on their Step Level, was $34.12, $35.81, $37.55, $39.36 or $41.30. (Exh. 2, (FY 2013 Salary Table, exhibit A at p. 11); Exh. 3 (FY 2014 Salary Table, exhibit A at p. 14); and Exh. 4 (FY 2015 Salary Table, exhibit A, at p. 14).) The only way to achieve the hourly rate alleged in Plaintiffs' Complaint would be to interpret provisions of the parties' MOU that would provide additional add-on pay. Thus, because Plaintiffs have alleged that they are owed an hourly rate above what is mandated by the Salary Ordinance, this issue requires interpretation of the MOU. (Exh. 1 at Article 25 (B)(7); Article 20(A) and Article 24.) As a result, Plaintiffs were required to comply with the grievance process set forth in the MOU prior to bringing this federal action. Plaintiffs have failed to allege that they have complied with the MOU's grievance process, or that they have exhausted their administrative remedies as required. (*See* Complaint, generally.) Therefore, Plaintiffs first cause of action is premature and must be dismissed.

## V. CONCLUSION

Plaintiffs' Complaint must be dismissed because 1) Brian Fennessy, Chief of the SDFD, is not a proper Defendant, 2) Plaintiffs failed to allege that they have complied with the California Government Claims Act as to their Second Cause of Action for Retaliation and 3) Plaintiffs failed to allege that they properly exhausted

their administrative remedies as to their hourly wage dispute in their First Cause of Action. For all of the foregoing reasons, the Court should grant the City's Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6).

Dated: May 1, 2017                    MARA W. ELLIOTT, City Attorney


                                      By   *s/Laura M. DePoister*
                                           Laura M. DePoister
                                           Deputy City Attorney
                                           ldepoister@sandiego.gov

                                      Attorney for Defendants
                                      CITY OF SAN DIEGO and BRIAN
                                      FENNESSY