UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS ALFARO, an individual; DERRIN AUSTIN, an individual; and PIPER DENLINGER, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO, a California Municipal Corporation; and BRIAN FENNESSY, individually and in his official capacity as Chief of the San Diego Fire-Rescue Department,<br><br>Defendants. | Case No.: 3:17-cv-00046-H-KSC<br><br>**ORDER DENYING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**<br><br>[Doc. No. 6] |

On January 10, 2017, Plaintiffs filed a complaint against Defendants City of San Diego and Brian Fennessy, Chief of the San Diego Fire-Rescue Department ("SDFD"). (Doc. No. 1.) Plaintiffs assert two claims for relief under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"). The first claim is for unpaid overtime wages and the second is for retaliation.

On May 1, 2017, Defendants filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 6.) Plaintiffs filed an opposition on May 25, 2017, and Defendants filed a reply on June 1, 2017. (Doc.

Nos. 7, 8.) On June 2, 2017, pursuant to its discretion under Local Rule 7.1(d)(1), the Court determined that the motion was fit for resolution without oral argument and vacated the scheduled hearing. (Doc. No. 9.) For the reasons that follow, the Court denies the motion.

### Background

According to the complaint, Plaintiffs are fire captains within SDFD, and they each previously held the position of emergency radio operator ("ERO"). (Doc. No. 1 at 3, ¶ 11.) While they were employed as EROs, Plaintiffs purportedly worked 56 hours per week and were not paid overtime. (Id. at 4, ¶¶ 18-19.) Plaintiffs contend that they are entitled to overtime pay for their work as EROs pursuant to the Ninth Circuit's published opinion, Haro v. City of Los Angeles, 745 F.3d 1249 (9th Cir. 2014). According to Plaintiffs, they complained about their missing overtime wages and were then dismissed from their ERO positions in retaliation for their complaints. (Doc. No. 1 at 5-6, ¶ 24.)

The complaint states that Chief Fennessy has ultimate decision-making authority over SDFD personnel matters. (Id. at 2, ¶ 4.) According to Plaintiffs, the City of San Diego acted by and through its appointing authority for SDFD, Chief Fennessy, in failing and refusing to pay overtime. (Id. at 4-5, ¶ 20.) In opposition, Defendants request judicial notice of four exhibits: a memorandum of understanding ("MOU") between the city and the firefighters' union and three ordinances setting compensation schedules for officers and employees of the city. (Doc. Nos. 6-2 to 6-6.) These exhibits purportedly establish that the city council sets rates of pay and quantity of hours for EROs. (Doc. No. 6-1 at 11-12.)

### Discussion

I.  **Legal Standards**

A complaint must satisfy the pleading requirements of Federal Rule of Civil Procedure 8 to evade dismissal under a Rule 12(b)(6) motion. Landers v. Quality Commc'ns, Inc., 771 F.3d 638, 640-41 (9th Cir. 2014). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alteration notations

omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Hartmann v. Cal. Dept. of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

## II. Analysis

### A. The Definition of Employer Under the FLSA

Defendants argue that Chief Fennessy is not a proper defendant in this action because he is not an "employer" as the term has been applied under the FLSA. (Doc. No. 6-1 at 10.) The FLSA defines "employer" to "include[] any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The term "employer" is to be given an "expansive interpretation" in order to "effectuate the FLSA's broad remedial purposes." Real v. Driscoll Strawberry Assocs., 603 F.2d 748, 754 (9th Cir. 1979). It is possible for two or more employers to jointly employ someone for purposes of the FLSA. 29 C.F.R. § 791.2; see, e.g., Falk v. Brennan, 414 U.S. 190, 195 (1973). Whether there is an employment relationship under the FLSA is tested by "'economic reality' rather than 'technical concepts.'" Goldberg v. Whitaker House Cooperative, Inc., 366 U.S. 28, 33 (1961).

The Ninth Circuit has elaborated on the economic reality test, directing lower courts "to consider the totality of the circumstances." Hale v. State of Ariz., 993 F.2d 1387, 1394 (9th Cir. 1993) (citing Bonnette v. California Health and Welfare Agency, 704 F.2d 1465, 1470 (9th Cir. 1983)). The totality of the circumstances include "whether the alleged employer has the power to hire and fire the employees, supervises and controls employee work schedules or conditions of employment, determines the rate and method of payment,

and maintains employment records." Id. "While these factors 'provide a useful framework for analysis . . ., they are not etched in stone and will not be blindly applied.'" Id.

Defendants cite an out-of-district summary judgment opinion to argue that Chief Fennessy cannot be an employer because he did not control the "purse strings." (Doc. No. 6-1 at 12.) In other words, he purportedly did not set Plaintiffs' quantity of hours or rate of pay. (Id.) But the Chief's ability to control the purse strings cannot be the sole factor in determining whether he is an employer under the statute. The FLSA prescribes conduct for employers that involve other issues than overtime pay. For example, the statute mandates conduct for employers regarding child labor (29 U.S.C. § 212(c)), record-keeping (id. § 211(c)), retaliation (id. §§ 215(a)(3), 216[1]), and the Patient Protection and Affordable Care Act (id. §§ 218b, 218c). If the definition of employer was solely dependent on power over the purse strings, then many managers would not be liable under the FLSA for violations of these provisions. That outcome would thwart the "broad remedial purposes" of the FLSA. Real, 603 F.2d at 754. Indeed, these broad remedial purposes are precisely the reason that the term employer is to be "broadly construed." Id. Because of these broad remedial purposes, the Ninth Circuit outlined a four-factor test, not a one-factor "purse strings" test. See Hale, 993 F.2d at 1394.

In the complaint, Plaintiffs allege that Chief Fennessy has the ultimate decision-making authority over SDFD personnel matters. (Doc. No. 1 at 2, § 4.) At the motion to dismiss stage, "the court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987) (citations omitted). It is a reasonable inference that, by exercising ultimate decision-making authority over personnel matters, Chief Fennessy had the power to hire and fire Plaintiffs, control their work schedules and conditions of employment (even if not their quantity of hours), and access their

---

[1] Section 215(a)(3) prohibits any "person" from retaliating, but Section 216 defines penalties for retaliation in terms of the "employer."

employment records. See Hale, 993 F.2d at 1394. Thus, Plaintiffs have alleged enough facts, at the motion to dismiss stage, to meet three of the four factors of the economic reality test. Defendants may submit evidence to challenge these allegations at summary judgment.

The thrust of Defendants' argument is that a person cannot be liable for failing to pay overtime if he has no power to pay the overtime. That may be true. In order to be liable, an "employer must have an opportunity to comply with the provisions of the FLSA." Forrester v. Roth's I. G. A. Foodliner, Inc., 646 F.2d 413, 414 (9th Cir. 1981). But that issue goes to the question of liability, not to the definition of employer under the statute. Regardless, at this early stage, Defendants have not established that Chief Fennessy had no power to facilitate overtime pay. The documents offered for judicial notice establish that the city council sets the pay scale for city employees and that the MOU sets the quantity of hours for fire suppression companies. (See, e.g., Doc. Nos. 6-3 at 22, 6-4 at 6.) But the documents do not conclusively establish that Chief Fennessy had absolutely no power or discretion to affect the decision to provide overtime pay to these Plaintiffs. It would be more appropriate to evaluate this issue at the summary judgment stage when the record is more fully developed. Accordingly, the Court denies the motion to dismiss on this basis. The Court also declines Defendants' request for judicial notice because the attached documents would not alter the Court's decision.

### B. California's Claim Presentation Requirement

Defendants argue that Plaintiffs' second claim for relief should be dismissed for failure to comply with the State of California's claim presentation requirement. (Doc. No. 6-1 at 14-16.) The second claim for relief is for retaliation under the FLSA, a federal statute. A state may not impose additional conditions upon the exercise of a federal right. Felder v. Casey, 487 U.S. 131, 152 (1988); Willis v. Reddin, 418 F.2d 702, 704-05 (9th Cir. 1969) ("California may not impair federally created rights or impose conditions upon them."). Defendants have cited no cases in which a court required a plaintiff to comply with a state claim presentation requirement in order to vindicate a federal right. Accordingly, the Court denies the motion to dismiss on this basis.

### C. Exhaustion of MOU Remedies

Defendants argue that there is a factual dispute regarding Plaintiffs' hourly wage rates. (Doc. No. 6-1 at 18-19.) Thus, according to Defendants, if Plaintiffs prevail on their claims, the Court will have to interpret the MOU to compute damages. (Id.) Defendants therefore contend that Plaintiffs were required to exhaust the remedies provided for in the MOU prior to initiating this action in federal court. (Id. at 16-19.)

"The rule for determining whether a plaintiff is required to exhaust remedies provided for in a collective bargaining agreement before bringing the claim in federal court is well established." Collins v. Lobdell, 188 F.3d 1124, 1127 (9th Cir. 1999). If the claim is based on rights arising from the collective bargaining agreement, the plaintiff is required to exhaust remedies created by the agreement. Barrentine v. Arkansas–Best Freight Sys., Inc., 450 U.S. 728, 736-37 (1981); Wren v. Sletten Constr. Co., 654 F.2d 529, 535 (9th Cir.1981). But "if the claim arises from statutory rights, the plaintiff is not required to exhaust agreement remedies." Collins, 188 F.3d at 1127 (citations omitted). "[S]tatutory rights under the FLSA are 'guarantees to individual workers that may not be waived through collective bargaining.'" Id. (quoting Local 246 Util. Workers Union v. Southern Cal. Edison Co., 83 F.3d 292, 297 (9th Cir.1996)).

Defendants argue that if any portion of Plaintiffs' claims require interpretation of an MOU, then Plaintiffs are required to exhaust their remedies under the MOU prior to initiating this action in federal court. (Doc. No. 6-1 at 18.) The Court disagrees. The key issue is whether the claims are based on rights arising from the FLSA or from the MOU. See Collins, 188 F.3d at 1127. The complaint does not allege violations of the MOU. (Doc. No. 1 at 7-8.) While the Court may need to look to the MOU for damages computation, the MOU does not create the rights at issue here. Those rights—to receive overtime pay and be free from retaliation—are created by the FLSA. See 29 U.S.C. §§ 207, 215(a)(3). Those rights therefore arise from the FLSA. See Collins, 188 F.3d at 1127 (rights arose under the FLSA where complaint alleged violations of the FLSA and did not allege violations of the collective-bargaining agreement); cf. Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1073

(9th Cir. 2007) (claims were not "substantially dependent" on labor agreement solely because of "the mere need to 'look to'" the labor agreement for damages computation) (quoting Livadas v. Bradshaw, 512 U.S. 107, 125 (1994)).

Furthermore, even if Plaintiffs' claims did present a claim arising under the MOU, Plaintiffs would still be entitled to take their case straight to federal court as long as their claims also arose under the FLSA. See Collins v. Lobdell, 188 F.3d 1124, 1127 (9th Cir. 1999) (citations omitted) ("exhaustion of remedies provided for in a collective bargaining agreement is not required even where a claim based on statutory rights also presents a claim under the agreement"); Albertson's, Inc. v. United Food & Commercial Workers Union, AFL-CIO & CLC, 157 F.3d 758, 762 (9th Cir. 1998) ("[W]e hold that employees covered by a collective bargaining agreement are entitled to take their FLSA claims to court regardless of whether those claims may also be covered by the grievance-arbitration procedure."). Accordingly, the Court denies the motion to dismiss on this basis.

## Conclusion

The Court denies Defendants' motion to dismiss. Defendants must answer the complaint within 30 days of the date of this order.

**IT IS SO ORDERED.**

DATED: June 12, 2017

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT