MARA W. ELLIOTT, City Attorney
GEORGE F. SCHAEFER, Assistant City Attorney
LAURA M. DEPOISTER, Deputy City Attorney
California State Bar No. 238642
    Office of the City Attorney
    1200 Third Avenue, Suite 1100
    San Diego, California 92101-4100
    Telephone:  (619) 533-5800
    Facsimile:   (619) 533-5856
    Email:       ldepoister@sandiego.gov

Attorneys for Defendants
CITY OF SAN DIEGO and BRIAN FENNESSY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS ALFARO, an individual; DERRIN AUSTIN, an individual; and PIPER DENLINGER, an individual,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF SAN DIEGO; a California Municipal Corporation; and BRIAN FENNESSY, individually and in his official capacity as Chief of the SAN DIEGO FIRE-RESUCE DEPARTMENT and DOES 1 THROUGH 10,<br><br>    Defendants. | Case No.   17cv0046 H (KSC)<br><br>**DEFENDANT CITY OF SAN DIEGO'S ANSWER TO PLAINTIFF MARCUS ALFARO'S COMPLAINT**<br><br>Judge:    Hon. Marilyn L. Huff<br>Ctrm:    15A<br>Trial:    Not Yet Set |

Defendant City of San Diego (hereinafter "Defendant" or "City") and Brian Fennessy, Chief of the San Diego Fire-Rescue Department (collectively, "Defendants"), answers Plaintiffs' Marcus Alfaro, Derrin Austin and Piper Denlinger (hereinafter "Plaintiffs") unverified Complaint (hereinafter "Complaint"), as follows:

## GENERAL ALLEGATIONS

Defendants admit that Plaintiffs Marcus Alfaro, Derrin Austin and Piper Denlinger are the Plaintiffs in this action, and are alleging claims under the Fair

Labor Standards Act.  Defendants also admit that each Plaintiff is an employee of the City of San Diego.  Defendants deny the remaining general allegations as pled on page 1 and 2 of Plaintiffs' Complaint.

Defendants respond to the paragraphs alleged in Plaintiffs' Complaint as follows:

1.    Defendants admit the allegations in paragraph 1 of the Complaint.

2.    Defendants lack sufficient information or knowledge to answer the allegations in Paragraph 2 of the Complaint regarding Plaintiffs' citizenship and residency.  Based on the lack of such information or knowledge, Defendants deny each and every allegation.

3.    Defendants admit the allegations in paragraph 3 of the Complaint.

4.    Defendants admit that Defendant Brian Fennessy was appointed and confirmed as Fire Chief of the San Diego Fire-Rescue Department ("SDFD") in September 2015.  As to the remaining allegations, Defendants lack sufficient information or knowledge to answer the allegations, and based on the lack of such information or knowledge, Defendants deny those allegations.

5.    Defendants lack sufficient information or knowledge to answer the allegations in Paragraph 5 of the Complaint and based on the lack of such information or knowledge, Defendants deny each and every allegation.

6.    Defendants lack sufficient information or knowledge to answer the allegations in Paragraph 6 of the Complaint and based on the lack of such information or knowledge, Defendants deny each and every allegation.

7.    Defendants admit that this Court has jurisdiction over this action. Defendants deny that any violation of law occurred.

8.    Defendants admit that venue is appropriate in this federal district. Defendants deny that any violation of law occurred.

9.    Defendants admit that Plaintiffs have brought claims under the Fair Labor Standards Act, but deny that any violation of law occurred.

10.     Paragraph 10 of the Complaint states conclusions of law to which no response is necessary.  To the extent that a response is required, Defendants lack sufficient information or knowledge to answer the allegations, and based on the lack of such information or knowledge, Defendants deny those allegations.

11.     Defendants admit that Plaintiffs are each Fire Captains within the SDFD.  Defendants deny that the title of the position held by Plaintiffs was "Emergency Radio Operators ("ERO")" as alleged.  Defendants deny that Plaintiffs did not engage in fire suppression activities.  As to the remaining allegations in the Complaint, as alleged, Defendants lack sufficient information or knowledge to answer the allegations, and based on the lack of such information or knowledge, Defendants deny those allegations.

12.     As phrased, Defendants lack sufficient information or knowledge to answer the allegations, and based on the lack of such information or knowledge, Defendants deny those allegations.

13.     Defendants deny that Plaintiffs did not engage in fire suppression activities.  As to the remaining allegations in the Complaint, as alleged, Defendants lack sufficient information or knowledge to answer the allegations, and based on the lack of such information or knowledge, Defendants deny those allegations.

14.     Defendants admit the allegations in paragraph 14 of the Complaint.

15.     Defendants deny the allegations in paragraph 15 of the Complaint.

16.     Defendants deny the allegations in paragraph 16 of the Complaint.

17.     Defendants deny the allegations in paragraph 17 of the Complaint.

18.     Defendants admit that as Emergency Resource Officers, the applicable Memorandum of Understanding set a schedule of a 56-hour work week.  As to the remaining allegations, Defendants lack sufficient information or knowledge to answer the allegations, and based on the lack of such information or knowledge, Defendants deny those allegations.

19.     Defendants deny the allegations in paragraph 19 of the Complaint.

3

20.     Defendants deny the allegations in paragraph 20 of the Complaint.

21.     Defendants deny the allegations in paragraph 21 of the Complaint.

22.     Defendants admit that on March 18, 2014, the United States Court of Appeals for the Ninth Circuit issued its published opinion in *Haro v. City of Los Angeles*, 745 F. 3d 1249 (9th Cir. 2014).  Defendants deny that Plaintiffs did not engage in fire suppression activities.  The remaining allegations state conclusions of law to which no response is necessary.  To the extent that a response is required, Defendants lack sufficient information or knowledge to answer the allegations, and based on the lack of such information or knowledge, Defendants deny those allegations.

23.     Defendants deny the allegations in paragraph 23 of the Complaint.

24.     Defendants deny the allegations in paragraph 24 of the Complaint.

25.     Defendants deny the allegations in paragraph 25 of the Complaint.

26.     Defendants deny the allegations in paragraph 26 of the Complaint.

27.     Defendants deny the allegations in paragraph 27 of the Complaint.

## FIRST CLAIM FOR RELIEF

### Violations of the Fair Labor Standards Act

### (Unpaid Overtime Wages)

28.     Defendants re-allege their Answer to paragraphs 1 through 27 above.

29.     Defendants deny the allegations in paragraph 29 of the Complaint.

30.     Defendants deny the allegations in paragraph 30 of the Complaint.

31.     Defendants deny the allegations in paragraph 31 of the Complaint.

32.     Defendants deny the allegations in paragraph 32 of the Complaint.

## SECOND CAUSE OF ACTION

### Violations of the Fair Labor Standards Act

### (Retaliation)

33.     The City re-alleges its Answer to paragraphs 1 through 32 above.

34.     Defendants deny the allegations in paragraph 34 of the Complaint.

4

35.     Defendants deny the allegations in paragraph 35 of the Complaint.

36.     Defendants deny the allegations in paragraph 36 of the Complaint.

37.     Defendants deny the allegations in paragraph 37 of the Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any relief, individually or severally, set forth in the allegations at Paragraphs 38 (a) – (j) of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Partial Overtime Exemption)

At all relevant times Plaintiffs were subject to the FLSA overtime threshold specified in 29 U.S.C. § 207(k), because the City adopted a Section 7(k) work period for employees engaged in fire suppression activities.

### SECOND AFFIRMATIVE DEFENSE

### (Administrative/Executive Exemption)

At all relevant times Plaintiffs were subject to the administrative/executive exemption set forth in 29 U.S.C. §213(a)(1).

### THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Defendants are informed and believe and based thereon, allege that Plaintiffs' Complaint is barred in whole or in part by the applicable statute of limitations including, but not limited to, those set forth in 29 U.S.C. § 255. Furthermore, 29 U.S.C. § 255(a) bars Plaintiffs from seeking damages more than two years before the lawsuit was filed in that Defendants' alleged violation of the FLSA was not willful.

/ / /

/ / /

/ / /

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Defendants are informed and believe and, based thereon, allege that Plaintiffs failed to mitigate their purported damages, if any, and to the extent of that failure to mitigate, Plaintiffs claims are barred.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Exhaust Administrative Remedies)

Defendants are informed and believe and, upon that basis, allege that Plaintiffs' Complaint, and each purported cause of action alleged therein, is barred because Plaintiffs failed to exhaust their administrative remedies before filing suit.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to Exhaust Contractual Remedies)

Defendants are informed and believe and, upon that basis, allege that Plaintiffs' Complaint, and each purported cause of action alleged therein, is barred because Plaintiffs failed to exhaust their remedies provided by the operative Memorandums of Understanding (MOU(s)).

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Exhaust Judicial Remedies)

Defendants are informed and believe and, upon that basis, allege that Plaintiffs failed to pursue and exhaust their judicial remedies.

## EIGHTH AFFIRMATIVE DEFENSE
### (Estoppel and Waiver)

Defendants are informed and believe and, upon that basis, allege that Plaintiffs are estopped by their conduct from asserting any claims upon which they seek relief.  Defendants relied to their detriment on the Plaintiffs' acts and omissions, including their knowledge, acquiescence, consent, approval, ratification, participation, or failure to notify Defendants of the acts complained of in this action. Plaintiffs are therefore estopped from asserting or recovering for any

1  of the overtime compensation claims or have waived their right to assert or recover

2  from such claims.

### NINTH AFFIRMATIVE DEFENSE

#### (Good Faith)

At all times relevant, Defendants acted in good faith and had reasonable grounds for believing their conduct was in compliance with the Fair Labor Standards Act pursuant to 29 U.S.C. 7 § 260, which precludes an award of liquidated damages to Plaintiffs.

### TENTH AFFIRMATIVE DEFENSE

#### (Good Faith)

At all relevant times, Defendant Fennessy acted in good faith and in compliance with the Fair Labor Standards Act, which precludes an award of exemplary or punitive damages to Plaintiffs.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Not Employer)

Defendants are informed and believe and, upon that basis, alleges that Plaintiffs' Complaint, and each purported cause of action alleged therein, is improper as to Defendant Brian Fennessy because he was not Plaintiffs' employer as that term is defined and/or applied under the Fair Labor Standards Act.

### TWELFTH AFFIRMATIVE DEFENSE

#### (No Adverse Employment Action)

Plaintiffs cannot establish a prima facie case for retaliation because they cannot establish any adverse employment action.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (No Causal Link)

There is no causal connection between Plaintiffs' alleged protected activity and an alleged adverse employment action.

/ / /

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Legitimate Business Purposes)

The Defendants' employment practices fulfilled legitimate business purposes necessary for the City's safe and efficient operation, and no alternative employment practices would have accomplished the business purposes equally well.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Defendants are informed and believe, and based thereon, allege that Plaintiffs' claims for relief in the Complaint are barred in whole or in part under the doctrine of unclean hands. Plaintiffs' claims are barred due to Plaintiffs' other acts and omissions, including but not limited to their knowledge, acquiescence, consent, approval, ratification, participation and/or failure to notify Defendants of the acts complained of in this action.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Offset)

Defendants aver that they are entitled to credit compensation paid in excess of the statutory minimums pursuant to 29 U.S.C. section 207(h) against any FLSA overtime amounts owed.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Alleged Failure to Pay Not Willful)

To the extent that Defendants are found to have not paid overtime to Plaintiffs as alleged in the Complaint, Defendants' conduct was not willful under the FLSA.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

Plaintiffs are barred from seeking equitable relief because they have an adequate remedy at law.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Laches)

Defendants are informed and believe that Plaintiffs unreasonably delayed commencement of this action so that their recovery, if any, should be barred or reduced under the doctrine of laches according to proof at the time of trial.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Defendants are informed and believe and, upon that basis, allege that neither the Complaint, nor any claim for relief alleged therein, states facts sufficient to constitute a claim for relief against Defendants.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Recovery of Attorney's Fees)

Plaintiffs cannot recover attorney's fees and costs because 29 U.S.C. § 216(b) only authorizes a prevailing employee to recover attorney's fees and costs against an "employer who violates" FLSA § 206 or § 207.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Collateral Estoppel/Res Judicata)

Plaintiffs' claims are barred by the doctrine of collateral estoppel and/or the doctrine of res judicata.

## RESERVATION OF RIGHTS

Defendants reserve the right to assert any and all additional affirmative defenses that may be determined during the course of discovery.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants pray for judgment as follows:

1. That Plaintiffs take nothing by their Complaint and that the Complaint be dismissed with prejudice;

2. That judgment be entered in favor of the Defendants and against the Plaintiffs on all of their claims;

17cv0046 H KSC

3.  That Plaintiffs' prayer for relief be denied;

4.  That Defendants be awarded reasonable attorney's fees according to proof;

5.  That Defendants be awarded the costs incurred in this suit; and

6.  That Defendants be awarded such other and further relief as the Court may deem just and proper.

Dated:  July 12, 2017                    MARA W. ELLIOTT, City Attorney

By   *s/Laura M. DePoister*
                                          Laura M. DePoister
                                          Deputy City Attorney
                                          ldepoister@sandiego.gov

Attorney for Defendants
CITY OF SAN DIEGO and BRIAN FENNESSY